OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Katherleen M. Jarvis, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, finding her guilty of speeding in violation of R.C. 4511.21(D)(2).[1] Appellant's sentence has been stayed pending the outcome of this appeal. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are pertinent to this appeal. On November 30, 1997, Trooper Karen Garewal ("Trooper Garewal") of the Ohio State Highway Patrol was monitoring traffic on a portion of the Ohio Turnpike in Portage County, Ohio. Sometime around 8:00 p.m., Trooper Garewal noticed a mini-van approaching at a high rate of speed. Trooper Garewal visually estimated the speed of the vehicle to be well above the posted sixty-five m.p.h. speed limit. As a result, Trooper Garewal pointed her L.T.I. 20/20 laser unit at the approaching vehicle and obtained a reading of ninety m.p.h.
Due to the vehicle's high rate of speed, Trooper Garewal pulled onto the Turnpike and followed the mini-van for a short distance, noting that the vehicle continued to travel at a speed somewhere in the upper seventies.[2] Eventually, Trooper Garewal activated her lights and pulled the vehicle over.
When Trooper Garewal approached the mini-van, she noticed appellant sitting in the driver's seat. After obtaining appellant's driver's license, Trooper Garewal ran appellant's social security number through her L.E.A.D.S. computer to check for other violations or outstanding warrants. As a result of the search, Trooper Garewal learned that appellant had been convicted of two speeding violations within the past year. Trooper Garewal subsequently issued appellant a citation for speeding, noting on the ticket that this was appellant's third violation within the past year.
Appellant entered a plea of not guilty to the charge, and the case subsequently proceeded to a bench trial. The only witnesses to testify at trial were Trooper Garewal and appellant. After hearing all the evidence, the trial court found appellant guilty and imposed a $100 fine plus court costs. The trial court also noted that this was appellant's third offense within one year and that her driver's license would be suspended as a result of an accumulation of points. Appellant perfected a timely appeal and asserts two assignments of error for our consideration:
 "[1.] The trial court erred in allowing a BMV record as proof of prior convictions over objection of defendant.
 "[2.] The trial court erred in finding the defendant guilty of going 90 mph, when the trooper could not verify that speed."
In her first assignment of error, appellant argues that because the state did not introduce certified copies of the judgment entries of appellant's prior speeding convictions pursuant to R.C.2945.75, the state failed to properly prove the existence of the prior convictions. Alternatively, appellant argues that the state failed to introduce any evidence to identify appellant as the person whose driving record was introduced at trial. Based on the above assumptions, appellant believes that the state failed to prove an essential element of the offense: i.e., the existence of two prior convictions within the past year, and that as a result, she could not be convicted of the enhanced third degree misdemeanor. We disagree.
In essence, appellant contends that the trial court erred in allowing the state to prove the existence of her two prior convictions through introducing a certified printout from the Ohio Bureau of Motor Vehicles ("OBMV"). This is important because when a prior offense transforms a crime by increasing its degree, the prior offense is an element of the crime and must be proven by the state beyond a reasonable doubt. State v. Allen (1987), 29 Ohio St.3d 53,54.
In the instant matter, the existence of two prior convictions or guilty pleas within one year increased the degree of the offense charged against appellant from a minor misdemeanor to a third degree misdemeanor. R.C. 4511.99(D)(1)(c).[3]
Accordingly, the existence of the prior convictions became an element of the charge as opposed to being used for the purpose of sentence enhancement. As such, the state was required to prove them beyond a reasonable doubt.
According to appellant, R.C. 2945.75 mandates that the state can prove the existence of prior convictions only by introducing certified judgment entries of those convictions.[4] In response, the state argues that the method of proving prior convictions set forth in R.C. 2945.75 is not the only acceptable method of proving prior traffic offenses. This is in accordance with other Ohio appellate courts which have held that a certified copy of a judgment entry of a prior conviction offered pursuant to R.C. 2945.75 is not the exclusive method of proving a prior conviction. State v. Chaney (1998), 128 Ohio App.3d 100, 105;State v. Cyphers (Apr. 10, 1998), Champaign App. No. 97-CA-19, unreported, at 3, 1998 Ohio App. LEXIS 1658.
In those situations where a certified copy of a judgment entry of conviction is not introduced, courts have concluded that prior convictions may also be proven through the testimony of a witness who has both knowledge of the prior convictions, and who also can identify the accused as the offender involved in them. Cyphers at 3, citing State v. McCoy (1993), 89 Ohio App.3d 479.
We agree with the above logic and conclude that R.C. 2945.75 is not the exclusive method of proving prior convictions for purposes of increasing the degree of a particular offense. However, this determination does not end our inquiry. We must still decide whether the state offered sufficient evidence to prove appellant's prior convictions beyond a reasonable doubt.
When the state attempted to introduce appellant's OBMV report into evidence, appellant's attorney objected on the grounds that Trooper Garewal was not the person who had generated the report; thus, there was no opportunity to cross-examine anyone on the authenticity of the report.[5] A review of the record, however, shows that at no time was an objection raised that the OBMV printout was inaccurate or that it failed to demonstrate the validity of appellant's prior convictions. Moreover, appellant never denied that she had been previously convicted of two speeding violations within the past year. In fact, appellant testified to the following on cross-examination:
 "Q. You have been in your van at 85 miles an hour before?
"A. Yes sir.
 "Q. And the two prior speeds that you have had in 1997, how fast were you travelling then?
"A. I don't recall.
"Q. Did your van shimmy at that point?
 "A. I doubt it very much. I believe one of them may have been in Canton and the same thing with the laser, I believe. I believe I asked the officer then and he explained how the laser worked.
 "Q. In this instance you didn't want to see the laser readout?
 "A. No, because previous the officer had told me pretty much the laser was accurate and there was no sense in arguing."
Equally important, the printout of her driving record from the OBMV introduced at trial lists appellant's name, address, date of birth, social security number, and her Ohio driver's license number. It also notes the date, venue, and case number for each conviction. In addition, Trooper Garewal testified that she became aware of appellant's prior convictions as a result of running appellant's social security number, obtained at the scene from appellant's driver's license, through the L.E.A.D.S. computer.
Furthermore, the OBMV report was accompanied by a certification under seal attesting to the fact that the attached document was a true and accurate copy of OBMV records relating to appellant. This certification was signed by the registrar of the OBMV and complied with the requirements R.C. 4507.25.[6] Consequently, we conclude that the report was a self-authenticating document pursuant to Evid.R. 902(4) for purposes of admissibility.[7]
Notwithstanding the self-authenticating nature of the OBMV report, we recognize that even when a document is self-authenticating, the party opposing its admission may still challenge the document on other grounds, such as hearsay or relevancy. Evid.R. 902, Staff Notes. However, the record before us does not indicate that appellant's trial attorney ever articulated an objection to the OBMV report on any grounds relating to the reliability of the contents of the printout.
Had appellant's attorney done so, the result would be no different because we conclude that, at worst, the trial court's admission of the OBMV report was harmless error. The doctrine of harmless error is applicable when, although an error has occurred, the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt, or in this case, the existence of two prior speeding convictions within the past year. State v.Kimbrough (July 9, 1999), Lake App. No. 97-L-274, unreported, at 10, 1999 WL 540909, citing State v. Williams (1988), 38 Ohio St.3d 346,349-350. Here, appellant's own testimony provided sufficient evidence to corroborate the existence of her two prior convictions which had occurred in the past year. Thus, appellant cannot show any prejudice that warrants a reversal on those grounds.
Appellant's alternative argument that the state failed to sufficiently identify the person in the OBMV report as appellant is also meritless. As just noted, the report listed appellant's name, address, date of birth, social security number, and her Ohio driver's license number. Trooper Garewal obtained the report by using the social security number listed on appellant's driver's license which was obtained from appellant at the scene. Taken into consideration with the fact that appellant never denied the existence of the prior conviction or disputed the authenticity of the printout, we conclude that the state provided sufficient evidence demonstrating that the OBMV record introduced at trial belonged to appellant. As a result, appellant's first assignment of error is overruled.
In her second assignment of error, appellant argues that the evidence presented at trial was insufficient to prove that she was travelling at a speed of ninety m.p.h. In support, appellant contends that Trooper Garewal could not testify that she was travelling at the indicated speed beyond a reasonable doubt because the laser device was accurate only within one m.p.h.
In addition, appellant claims that she could not have been travelling ninety m.p.h. because her mini-van "shimmies" somewhere between eighty-three and eighty-five m.p.h. According to appellant, she never felt the shimmy on the night in question, and as a result, she argues that she could not have been traveling more than eighty-five m.p.h.
When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307. See, also, State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 4-5, 1994 WL 738452.
In the instant case, the essential elements of appellant's crime are that she: (1) operated a motor vehicle; (2) at a speed exceeding sixty-five m.p.h. upon a freeway; and (3) within one year of the offense, appellant had been convicted of or pleaded guilty to two or more violations as described in R.C.4511.99(D)(1)(b). R.C. 4511.21(D) and 4511.99(D)(1)(C).
At trial, Trooper Garewal testified that she had been trained to visually estimate the speed of a vehicle and, based on this experience, she estimated that appellant's speed was well in excess of the posted speed limit. Trooper Garewal's estimation of appellant's speed, independent of the laser reading, would be sufficient to uphold appellant's conviction for speeding. Statev. Jones (Nov. 8, 1991), Trumbull App. No. 91-T-4508, unreported, at 2, 1991 WL 233644, citing Kirtland Hills v. Logan (1984),21 Ohio App.3d 67. However, a trial court should generally require a police officer to introduce other evidence to support her opinion of the vehicle's speed. Jones at 2.
In the case at bar, additional evidence of appellant's guilt was presented at trial; to wit, a reading from Trooper Garewal's laser unit. To sustain a conviction on evidence obtained from radar, the state must prove that the device "was properly set up and tested by a technician trained by experience to do so, and that at the time it was functioning properly * * *." East Clevelandv. Ferell (1958), 168 Ohio St. 298, syllabus. It is important to note here that appellant does not question that Trooper Garewal was qualified to use the L.T.I. 20/20 laser device.[8]
In addition to her training, Trooper Garewal laid the foundation for the admission of the results of the L.T.I. 20/20 laser by testifying in detail as to how the unit was calibrated both prior to and after appellant's citation and by testifying as to her certification and experience in the use of the same. Trooper Garewal testified that she checked to verify that her machine was working properly both before and after her shift on November 30, 1997, and that based on her training and experience, the machine was working properly when she clocked appellant's mini-van.
While it is true that the laser in question was not one hundred percent accurate, the determination of appellant's speed was a question of fact to be determined by the trier of fact. Moreover, appellant never denied that she was speeding. Instead, she argues that at the most, she was travelling eighty-five m.p.h., which is still twenty m.p.h. over the speed limit. Because the issue of appellant's speed was a question for the trier of fact, we conclude that there was sufficient and credible demonstrating that appellant was guilty of travelling ninety m.p.h. Appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's two assignments of error are without merit. The judgment of the trial court is affirmed.
NADER, J., concurs,
O'NEILL, J., dissents.
[1] Normally, a violation of R.C. 4511.21(D)(2) is a minor misdemeanor. However, because this was appellant's third speeding conviction within the past year, R.C. 4511.99(D)(1)(c) enhances the degree of the offense to that of a third degree misdemeanor.
[2] Trooper Garewal was able to estimate the speed of the vehicle by pacing the mini-van while simultaneously checking the speed of her own vehicle.
[3] R.C. 4511.99(D)(1)(c) states:
 "If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to two or more violations of any provision described in division (D)(1)(b) of this section or any municipal ordinance that is substantially similar to any of those provisions, a misdemeanor of the third degree."
[4] R.C. 2945.75(B) provides:
 "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
[5] "Authentication * * * is a form of relevancy; that is, authentication connects the particular evidence sought to be introduced to the issues or persons involved in the trial. * * * [A]uthentication or identification lays the foundation for admissibility of particular evidence" 43 Ohio Jurisprudence 3d (1983), Evidence and Witnesses, Section 456.
[6] R.C. 4507.25(A) states in pertinent part:
 "* * * [The registrar] shall adopt a seal bearing the inscription: `Motor Vehicle Registrar of Ohio.' The seal shall be affixed to all writs and authenticated copies of records, and when it has been so attached, such copies shall be received in evidence with the same effect as other public records. All courts shall take judicial notice of the seal."
[7] Evid.R. 902(4) provides:
 "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
"* * *
 "(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."
[8] At trial, Trooper Garewal testified that she had received a total of forty hours of training, both classroom and practical, in the use of radar and laser. This training included time with the L.T.I. 20/20 laser unit.