OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas wherein appellant, Jason A. Moissis, after a jury trial, was found guilty of violation of a protection order, a felony in the fifth degree and menacing by stalking, a felony in the fourth degree. Appellant was sentenced on October 2, 2000, to a stated prison term of six months for violation of the protection order and seventeen months for menacing by stalking, said sentences to be served consecutively.
{¶ 2} Appellant and the victim in this case, Deborah Jennings, were romantically involved and began living together in March 1997. They had one child together and were engaged at one point. The relationship began to deteriorate in June 1998, resulting in appellant moving out for about two months. Although several attempts were made at reconciliation, the relationship deteriorated further until Ms. Jennings asked appellant to move out for good.
{¶ 3} Appellant continued to contact Ms. Jennings both at home and at work, in person and by telephone. Ms. Jennings eventually sought a temporary protection order from Euclid Municipal Court. However, appellant violated the temporary order several times, forcing Ms. Jennings to also obtain a civil protection order from Cuyahoga County. Appellant continued to harass Ms. Jennings. As a result of appellant's continuing conduct, he was charged with violating a protection order and menacing by stalking and was subsequently convicted on March 29, 2000.
{¶ 4} Appellant continued to contact Ms. Jennings. Also, Ms. Jennings' car was vandalized while she was on a short trip. After a final harassing phone call to her while she was at work, Ms. Jennings contacted the police and the current charges were brought against the appellant. The jury found appellant guilty of violation of a protection order and menacing by stalking and both were elevated from misdemeanors to felony status because the jury found appellant had prior convictions under both statutes.
{¶ 5} It is from this judgment appellant appeals, submitting three assignments of error. Appellant's first assignment of error is:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant when it refused to grant his requested jury instructions."
{¶ 7} Appellant asserts that the trial court erred when it refused to give his proposed jury instruction relating to the definition of "pattern of conduct" as used in the menacing by stalking charge and, therefore, violated his Fifth Amendment protection from double jeopardy.
{¶ 8} R.C. 2903.211, the menacing by stalking statute, reads:
 {¶ 9} "(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 {¶ 10} "(B) Whoever violates this section is guilty of menacing by stalking.
 {¶ 11} "(1) Except as otherwise provided in divisions (B)(2) and (3) of this section, menacing by stalking is a misdemeanor of the first degree.
 {¶ 12} "(2) Menacing by stalking is a felony of the fourth degree if any of the following applies:
 {¶ 13} "(a) The offender previously has been convicted of or pleaded guilty to a violation of this section or a violation of section 2911.211 of the Revised Code."
 {¶ 14} "Pattern of conduct" is defined in the statute as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on those actions or incidents." (Emphasis added).[1]
{¶ 15} In this case, the trial court instructed the jury according to that statutory definition. The judge instructed the jury as follows:
 {¶ 16} "Pattern of conduct means two or more actions or incidents closely related in time whether or not there has been a prior conviction based on any of those actions or incidents."
{¶ 17} Appellant proposed the following jury instruction:
 {¶ 18} "Pattern of Conduct means two or more actions or incidents closely related in time, at least two of which happened after the prior convictions of March 29, 2000."
{¶ 19} Appellant also proposed the following alternative instruction:
 {¶ 20} "Pattern of Conduct means two or more actions or incidents closely related in time, at least one of which happened after the prior convictions of March 29, 2000."
{¶ 21} Appellant contends these alternative jury instructions were necessary because the statutory definition allowed the jury to find a pattern of conduct based solely upon his prior convictions, resulting in double jeopardy.
{¶ 22} The state presented evidence of appellant's conduct from December 1999 through June 6, 2000, for a total of six incidents in all. Two of the incidents, on January 14, 2000 and March 13, 2000, led to appellant's convictions on March 29, 2000.
{¶ 23} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through theFourteenth Amendment, and the Double Jeopardy Clause of Article I, Section 10, of the Ohio Constitution protect every person from being (1) prosecuted for an offense after having been acquitted, convicted or punished for that offense and (2) prohibits the judicial system from imposing more than one punishment for the same offense.[2] The double jeopardy clause does not otherwise restrict the legislature's power to enact statutes defining the elements of a particular offense and the punishment to be imposed for violation of a particular offense.[3]
{¶ 24} In this case, the menacing by stalking statute permits the introduction of prior convictions to elevate the offense from a misdemeanor to a felony. Therefore, under R.C. 2903.211, the offender is receiving a more severe punishment for the current conviction rather than receiving a second punishment for the prior conviction.[4] The legislature has set forth similar "enhancement" statutes, particularly in regard to repeat DUI offenders.
{¶ 25} The United States Supreme Court has held that cumulative punishments do not violate the Double Jeopardy Clause, provided the legislature clearly intended to permit such punishments.[5] The language in R.C. 2903.211 clearly refers to prior convictions and their intended role in elevating the crime of menacing by stalking from a first degree misdemeanor to a fourth degree felony.
{¶ 26} The proper standard of review for an appellate court is whether the trial court's refusal to give a defendant's requested instruction constituted an abuse of discretion under the facts and circumstances of the case.[6]
{¶ 27} In the instant case, the trial court instructed the jury according to the statutory definition for "pattern of conduct." The statutory language specifically defines "pattern of conduct" as conduct that may or may not have resulted in a prior conviction. This language shows a clear intention by the legislature to include prior convictions as conduct to be considered in determining whether the offender's actions, in the aggregate, demonstrate a true "pattern of conduct." This type of statutory construction has been found not to be in violation of state and federal double jeopardy protections.
{¶ 28} Moreover, appellant's second proposed jury instruction, asking that at least one incident to have been committed after the prior convictions while another may be conduct relating to the prior conviction, is not itself in line with appellant's double jeopardy argument.
{¶ 29} Therefore, the jury instruction was in accordance with the statutory definition. The legislature clearly intended that prior convictions may be considered and this type of construction has been found not to be in violation of double jeopardy protections. Therefore, the trial court did not abuse its discretion with its jury instructions and appellant's assignment of error is not well taken.
{¶ 30} Appellant's first assignment of error is without merit.
{¶ 31} Appellant's second assignment of error is:
 {¶ 32} "The trial court erred to the prejudice of the defendant-appellant when it allowed the state to present testimony regarding the underlying facts of the defendant-appellant's prior convictions."
{¶ 33} Appellant was charged with violating both R.C. 2919.27, violating a protective order and R.C. 2903.211, menacing by stalking. A violation of R.C. 2919.27 is elevated from a first degree misdemeanor to a felony in the fifth degree where an offender has been previously convicted under the statute.[7] Similarly, a violation of R.C. 2903.211
is elevated from a first degree misdemeanor to a felony of the fourth degree where there has been a prior conviction under the statute.[8]
{¶ 34} Thus, under both statutes, a prior conviction becomes an element of the offense charged and elevates the degree of the offense. The state has the burden of proving the prior convictions beyond a reasonable doubt.[9]
{¶ 35} The Supreme Court of Ohio has noted that where a prior conviction elevated the degree of the offense with which the defendant was charged, it "did not simply enhance the penalty. It transformed the crime itself by increasing its degree. In such a case the prior conviction is an essential element of the crime, and must be proved by the state."[10]
{¶ 36} R.C. 2945.75, governing the use of prior convictions, states:
 {¶ 37} "(B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
{¶ 38} This court has noted when evidence of a prior conviction is introduced to increase the degree of the offense, a limiting instruction to the jury regarding the purpose of the evidence of the prior conviction can be sufficient to counteract potential prejudice.[11]
{¶ 39} Other Ohio appellate courts have held that the submission of certified judgment entries alone is not sufficient to establish the prior convictions under the statute and additional evidence is needed.[12]
{¶ 40} It is clear that the legislature intended evidence regarding past convictions to be admissible as an element of the offenses and that the state must prove the past convictions beyond a reasonable doubt. It is not as clear how much evidence is allowed in to establish the past convictions. While submission of a certified judgment entry alone is clearly not sufficient,[13] testimony regarding the underlying facts related to the convictions has been deemed properly admitted provided a limiting jury instruction was issued.[14] It is also necessary to balance these findings with traditional evidentiary rules regarding admission of prior bad acts.[15]
{¶ 41} Evid.R. 404(B) states:
 {¶ 42} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
{¶ 43} In the case sub judice, the state presented certified copies of the judgment entries from appellant's prior convictions for both the violation of a protection order and menacing by stalking. The state also presented identification testimony from the appellant's probation officer. Over objection, the trial court then allowed testimony as to the underlying facts regarding appellant's prior convictions.
{¶ 44} Testimony from arresting police officers from the prior offenses as well as additional testimony from Ms. Jennings set forth appellant's conduct that gave rise to the prior convictions in great detail. The jury instructions, noted above, made no mention of the limited purpose of such evidence.
{¶ 45} We find that the trial court properly admitted the certified judgment entries along with the identification testimony by the probation officer in accordance with the statute. However, the additional testimony by the police officers and Ms. Jennings regarding the underlying facts of appellant's prior convictions went beyond merely establishing the existence of the prior convictions.
{¶ 46} However, in order to determine whether the admission of the testimony on the prior convictions is reversible error, we must evaluate the relationship between that evidence and the totality of other evidence properly introduced by the state at trial. If there is other overwhelming evidence of guilt, the admission of the testimony regarding the facts of the prior convictions will be deemed harmless error.[16]
{¶ 47} A review of the record reveals that the state presented sufficient evidence to prove beyond a reasonable doubt that appellant had prior convictions under R.C. 2919.27, violating a protection order and R.C. 2903.211, menacing by stalking to elevate both from misdemeanor to felony status. Although the testimony regarding the underlying facts of the prior convictions was improperly admitted, the certified judgment entries from appellant's previous convictions along with the probation officer's testimony identifying appellant in those prior convictions are sufficient evidence, as set forth in R.C. 2945.75, to establish the existence of the prior convictions.
{¶ 48} Moreover, a review of the record reveals the state presented additional evidence regarding other conduct engaged in by appellant, outside of the prior convictions and relating to the current charges, that are in violation of both statutes. This evidence includes testimony regarding the tampering of Ms. Jennings' vehicle, phone calls from appellant to Ms. Jennings' family, a disturbance on Ms. Jennings' property followed by a phone call from appellant to Ms. Jennings, as well as an incident regarding a harassing phone call to Ms. Jennings at work.
{¶ 49} The overwhelming evidence regarding appellant's conduct after his prior convictions, relating to the most recent charges, coupled with the fact that the menacing by stalking statute provides that the prior convictions themselves can come before the jury, finds that the improper admission of underlying facts regarding the prior convictions is harmless error.
{¶ 50} Appellant's second assignment of error is without merit.
{¶ 51} Appellant's third assignment of error is as follows:
 {¶ 52} "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29."
{¶ 53} Appellant's third assignment of error consists of two issues. Appellant's first issue is that the trial court erred in denying appellant's motion for acquittal where the state failed to prove beyond a reasonable doubt that the appellant engaged in a "pattern of conduct" required to convict of menacing by stalking. Appellant's second issue contends that the state did not present sufficient evidence to prove beyond a reasonable doubt that appellant violated a protection order.
{¶ 54} The Supreme Court of Ohio has set forth the standard for evaluating motions for acquittal:
 {¶ 55} "[A] court should not order an entry of judgment of acquittal if evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[17]
{¶ 56} In a criminal prosecution, the state bears the burden of proving each element of the offense beyond a reasonable doubt. A defendant submits a motion for acquittal under Crim.R. 29 when he or she challenges the sufficiency of the evidence presented by the state.[18] The standard for evaluating the sufficiency of evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt".[19]
{¶ 57} As noted above, we find that the overwhelming evidence introduced by the state, notwithstanding the testimony regarding the prior convictions, including the tampering with Ms. Jennings' vehicle rendering it inoperable, the phone calls to Ms. Jennings at home, at work, and to her family necessitate a finding that the motion for acquittal was properly denied.
{¶ 58} Viewing this additional evidence in a light most favorable to the prosecution, it is clear that a rational trier of fact could have found the essential elements of both statutes were proven beyond a reasonable doubt. Therefore, we find that the trial court did not err in denying appellant's motion for acquittal, and appellant's third assignment of error is not well taken.
{¶ 59} Appellant's third assignment of error is without merit.
{¶ 60} The judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] R.C. 2903.211(D)(1).
[2] Albernaz v. United States (1981), 450 U.S. 333, 344.
[3] Brown v. Ohio (1977), 432 U.S. 161; State v. Thompkins (1996),75 Ohio St.3d 558, 560; State v. Healy (1951), 156 Ohio St. 229,239-240.
[4] State v. Stewart (1945), 79 Ohio App. 340, 342.
[5] Missouri v. Hunter (1983), 459 U.S. 359.
[6] State v. Wolons (1989), 44 Ohio St.3d 64, 68.
[7] R.C. 2919.27(B)(1)(b).
[8] R.C. 2903.211(B)(2)(a).
[9] State v. Edmondson (2001), 92 Ohio St.3d 393, 396.
[10] State v. Allen (1987), 29 Ohio St.3d 53, 54.
[11] State v. Rivera (1994), 99 Ohio App.3d 325, 331.
[12] State v. McCoy (1993), 89 Ohio App.3d 479.
[13] Id.
[14] State v. Rivera (1994), 99 Ohio App.3d 325, 331.
[15] Evid.R. 404(B).
[16] State v. Henton (1997), 121 Ohio App.3d 501.
[17] State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
[18] State v. Talley (Sept. 25, 1998), 11th Dist. No. 97-L-169, 1998 WL 684267 at *2.
[19] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.