[Cite as *State v. Lambert*, 2019-Ohio-3543.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ERIC D. LAMBERT,

    DEFENDANT-APPELLANT.

CASE NO. 12-18-10

O P I N I O N

Appeal from Putnam County Common Pleas Court
Trial Court No. 2018 CR 011

**Judgment Affirmed**

Date of Decision:  September 3, 2019

APPEARANCES:

    *Elizabeth H. Smith* **for Appellant**

    *Katherine G. Porter* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Eric D. Lambert ("Lambert") appeals the judgment of the Putnam County Court of Common Pleas, alleging that the trial court erred by failing to grant his Crim.R. 29 motion in full. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 18, 2018, Lambert was indicted on one count of domestic violence as a felony of the fourth degree ("felony domestic violence") in violation of R.C. 2919.25(A), (D)(3). Doc. 1. Generally, a violation of R.C. 2919.25(A) is a misdemeanor of the first degree ("misdemeanor domestic violence"). R.C. 2919.25(D)(2). However, "if the offender previously has * * * been convicted of domestic violence * * * a violation of division (A) or (B) of [R.C. 2919.25] is a felony of the fourth degree * * *." R.C. 2919.25(D)(3). Under R.C. 2945.75(B)(1),

> **[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.**

R.C. 2945.75(B)(1).

{¶3} At trial, on July 10, 2018, the State introduced a certified copy of a domestic violence conviction for an "Eric Lambert." Tr. 157-158. After the State rested, the Defense made a Crim.R. 29 motion. Tr. 163-164. The Defense argued that the trial court should dismiss the charges against Lambert because the State

failed to offer evidence that the "Eric Lambert" listed on the certified copy of the domestic violence conviction was, in fact, the same person as the defendant in this case. Tr. 163-165. The trial court then denied this motion. Tr. 165.

{¶4} On July 11, 2018, the jury found Lambert to be guilty of one count of domestic violence in violation of R.C. 2919.25(A), (D)(3). Doc. 55. The Defense then then renewed his Crim.R. 29 motion after the verdict. Tr. 200. The trial court denied this motion. Tr. 200. On July 12, 2018, Lambert filed another Crim.R. 29 motion with the trial court. Doc. 59. In this motion, Lambert argued that his conviction was not supported by sufficient evidence because the State did not comply with R.C. 2945.75(B)(1) by failing to introduce "evidence sufficient to identify the defendant named in the entry as the offender in the case at bar." R.C. 2945.75(B)(1). Doc. 59.

{¶5} On July 25, 2018, the trial court found Lambert's argument to have merit and partially granted Lambert's Crim.R. 29 motion. Doc. 61. The trial court then determined that the evidence provided at trial by the State established all of the elements of "the first-degree misdemeanor version of the offense of domestic violence." Doc. 61. Thus, the trial court found that Lambert's conviction would "stand as to the lesser included [offense of] Domestic Violence," which was "a misdemeanor of the first degree." Doc. 61. Lambert was convicted of domestic violence as a first degree misdemeanor and sentenced on July 25, 2018. Doc. 64.

*Assignment of Error*

**{¶6}** Appellant filed his notice of appeal on August 31, 2018. Doc. 68. On appeal, appellant raises the following assignment of error:

**The trial court's partial grant of defendant's Crim.R. 29 motion was contrary to law as defendant was entitled to an acquittal due to the State of Ohio failing to prove every element of the offense of domestic violence, in violation of R.C. 2919.25(A) & (D)(3), a felony of the fourth degree, as this was the only charge presented to the jury for their consideration.**

Lambert points to the fact that he did not request—and the jury did not receive—a jury instruction for the lesser included offense of misdemeanor domestic violence. For this reason, he argues that the jury faced a choice between finding him guilty or not guilty of the offense of felony domestic violence. After the jury returned a verdict of guilty, he asserts that the trial court, when considering his Crim.R. 29 motion, then had a choice between entering a conviction for felony domestic violence or acquitting him of that charge. Since the trial court determined that the State did not properly establish the enhancement element of the offense of felony domestic violence, Lambert claims that the trial court had to fully grant his Crim.R. 29 motion and acquit him of the charge of felony domestic violence.

*Legal Standard*

**{¶7}** Crim.R. 29(A) reads, in its relevant part, as follows:

**The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is**

> **insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.**

Crim.R. 29(A). "An appellate court reviews a denial of a Crim.R. 29 motion for judgment of acquittal using the same standard that is used to review a sufficiency of the evidence claim." *State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 11, quoting *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995).

{¶8} A challenge to the sufficiency of the evidence supporting a conviction "is a question of law and a 'test of adequacy rather than credibility or weight of the evidence.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-37, 2018-Ohio-2438, ¶ 40, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19. The applicable standard

> **is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.**

*State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 8, quoting *State v. Plott*, 2017-Ohio-38, 80 N.E.3d 1108, ¶ 73 (3d Dist.).

{¶9} R.C. 2919.25(A) defines the crime of domestic violence and reads as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A).

> **A violation of R.C. 2919.25(A) is generally a first-degree misdemeanor; however, if the defendant 'previously has pleaded guilty to or been convicted of domestic violence,' it is a felony of the fourth degree. *See* R.C. 2919.25(D)(2) and (D)(3). Because a**

> **prior domestic-violence conviction raises the degree of a subsequent offense, a prior conviction is an essential element of the offense.** *State v. Allen*, **29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987) (an element elevates the degree of the offense; an enhancement provision increases only the penalty).**

*State v. Bibler*, 2014-Ohio-3375, 17 N.E.3d 1154 ¶ 8 (3d Dist.). Thus, a prior conviction for domestic violence is an essential element for the offense of domestic violence as a fourth degree felony but is *not* an essential element for the offense of domestic violence as a first degree misdemeanor. R.C. 2919.25(A), (D)(3).

*Legal Analysis*

{¶10} On appeal, Lambert points to the fact that the State, in failing to properly establish that he had a prior domestic violence conviction, did not prove an essential element of the crime with which he was charged: felony domestic violence. On this basis, Lambert then argues that the trial court should not have convicted him of any crime because the State failed to prove this essential element. On appeal, neither party disputes that the State failed to introduce evidence that properly established that Lambert had a prior conviction. *See State v. Harrington*, 3d Dist. Logan No. 8-01-20, 2002-Ohio-2190, ¶13, citing *State v. Newton*, 3d Dist. Auglaize No. 2-83-20, 1984 WL 8033, *4 (June 19, 1984).

{¶11} The prior conviction element must be established in order to elevate the degree of the offense of domestic violence from a misdemeanor to a felony. R.C. 2919.25(A), (D)(3). However, this prior conviction element is not necessary to establish that Lambert committed the crime of domestic violence. *State v.*

*Lunguy*, 3d Dist. Allen No. 1-08-02, 2008-Ohio-2922, ¶ 24 (holding that "[t]he fact that the State failed to prove [the element enhancing the crime to a higher-degree offense] does not * * * mean that no crime was committed; rather, it simply means that the offense is lower in degree * * *."). Thus, the fact that the State did not properly establish that Lambert had a prior conviction does not mean that the State failed prove that Lambert committed the crime of misdemeanor domestic violence, which, in this case, was implicitly charged in the indictment as a lesser included offense of the felony domestic violence. *Id.* Rather, this means that the State failed to prove that Lambert should have been convicted of a fourth degree felony instead of a first degree misdemeanor for the commission of the crime of domestic violence. *Id.*

{¶12} In jury trials, the jurors return a verdict on a charge for which the defendant has been tried. The trial court then has the authority to enter a conviction for the charges of which the jurors found the defendant guilty. In this case, the jury returned a verdict that found Lambert was guilty of the offense of domestic violence. However, Lambert, in his Crim.R. 29 motion, asserted that the State did not present sufficient evidence to support a conviction for felony domestic violence. By partially granting his Crim.R. 29 motion, as to the offense of *felony* domestic violence, the trial court merely cleared the way to then enter its judgment of conviction, as it would do after any criminal jury verdict, upon the remaining jury

verdict of guilty of misdemeanor domestic violence, as a trial court would do after any criminal jury verdict.

**{¶13}** Ohio case law indicates that this is the proper course of action in situations where the State fails to substantiate an element that serves to elevate the degree of an offense. *See State v. Gwen*, 143 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 8, 24; *State v. Dumas*, 1st Dist. Hamilton Nos. C-810834, C-810877, 1982 WL 4747, fn. 1 (Oct. 6, 1982); *State v. Pusey*, 3d Dist. Shelby No. 17-90-1, 1991 WL 128233, * 4-5 (July 11, 1991); *State v. Thornton*, 8th Dist. Cuyahoga No. 65139, 1993 WL 453675, *2-3 (Nov. 4, 1993); *State v. McCoy*, 89 Ohio App.3d 479, 484, 624 N.E.2d 1102, 1105 (10th Dist. 1993); *State v. Abdou*, 10th Dist. Franklin No. 97APA01-73, 1997 WL 661914, *2-3 (Oct. 23, 1997).

**{¶14}** Further, while a prior conviction is an essential element for the crime of felony domestic violence, it is not an essential element of the crime with which Lambert was convicted: misdemeanor domestic violence. Doc. 64. Since Lambert does not argue on appeal that the State failed to prove any of the essential elements of the offense of misdemeanor domestic violence, Lambert's arguments ultimately do not challenge the sufficiency of the evidence supporting the conviction that he has. Thus, he has not demonstrated on appeal that the conviction he has for misdemeanor domestic violence is unsupported by sufficient evidence.

**{¶15}** The arguments that Lambert has raised on appeal do not establish that the trial court erred by partially granting his Crim.R. 29 motion. The jurors returned

a verdict of guilty that found Lambert guilty of all of the elements of the offense of misdemeanor domestic violence. The trial court entered a conviction that reflected the jury's finding of guilt and the evidence presented at trial. For these reasons, Lambert's sole assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Putnam County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**