[Cite as *State v. Stock*, 2018-Ohio-4805.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2017 CA 00199 |
| PAUL STOCK | |
| Defendant – Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2017 CR 0211

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 3, 2018

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       JACOB T. WILL
Prosecuting Attorney                  116 Cleveland Avenue, N.W.
Stark County, Ohio                    808 Courtyard Centre
                                      Canton, Ohio  44702
KRISTINE W. BEARD
Assistant Prosecuting Attorney
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Hoffman, J.*

{¶1} Appellant Paul Stock, III appeals the judgment entered by the Stark County Common Pleas Court convicting him of two counts of gross sexual imposition (R.C. 2907.05(A)(4)) and sentencing him to four years incarceration on each count, to be served consecutively. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant is the maternal grandfather of two boys, born in 2005 and 2008. The children called Appellant Pap Pap. The boys would often sleep over with their grandparents, and sometimes would take turns watching television and sleeping in Appellant's bed. Appellant and his wife slept in separate bedrooms due to health issues.

{¶3} Unbeknownst to each other, Appellant engaged in touching the penis and butt of each of the boys while they were in his bed. The older boy knew the touching was bad and he needed to tell someone. Finally, he asked his younger brother if Appellant was touching him as well. When the younger boy confirmed Appellant was touching him in the same manner, the older grandson realized he had to tell his mom.

{¶4} On October 21, 2016, when the boys' father was out of town and they were alone with their mother, their mother came out of the shower and found the boys crying. When she asked what was wrong, they told her Pap Pap was sexually abusing them. Prior to this time, the younger boy was wetting the bed, and his teacher reported he came to school crying every day; however, he did not tell his parents what was wrong. She reported the incident immediately to the abuse hotline.

{¶5} The case was referred to Summit County Department of Jobs and Family Services for investigation because mother was employed by Stark County Department of Jobs and Family Services in Stark County. The boys were evaluated at Northeast Ohio

Behavioral Health and were examined medically at Akron Children's Hospital. During both exams, each boy disclosed Appellant touched his penis and his anus.

{¶6}  Appellant was confronted by his daughter, the boys' aunt, about the allegations. Appellant claimed the older boy made Appellant touch his penis. Appellant also told her the boy would walk in when Appellant was in the bathroom, and Appellant implied there was sexual contact. Appellant denied any touching when he spoke to law enforcement.

{¶7}  Appellant was charged with one count of rape and two counts of gross sexual imposition. The case proceeded to jury trial in the Stark County Common Pleas Court. Appellant testified at trial the older boy had initiated touching, but he did not provide this information to law enforcement, nor did he discuss it with the boy's parents. He denied all charges.

{¶8}  The jury found Appellant not guilty of the charge of rape, but guilty of both counts of gross sexual imposition. He was sentenced to four years incarceration on each count, to be served consecutively, for an aggregate term of eight years incarceration.

{¶9}  It is from the September 20, 2017 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I.  THE DEFENDANT'S CONVICTION FOR TWO COUNTS OF GROSS SEXUAL IMPOSITION IN VIOLATION OF R.C. 2907.05 WERE [SIC] AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. APPELLANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT.

III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR A MISTRIAL.

I.

**{¶10}** In his first assignment of error, Appellant argues the judgment is against the manifest weight and sufficiency of the evidence. He argues the State failed to prove the conduct occurred based on a lack of physical evidence and the lack of credibility of the State's witnesses. He further argues the State failed to prove if the conduct did in fact occur, it was done for the purpose of sexual gratification.

**{¶11}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶12}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶13} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶14} Appellant was convicted of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4):

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶15} Sexual contact is defined by R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶16} The mother of the boys testified on October 21, 2016, the boys disclosed to her Appellant was touching their penises and butts when they spent the night at his house. She testified prior to the disclosure, the younger boy had been wetting the bed, crying at

school, and slipping academically.　After the disclosure, these unexplained behaviors subsided.

{¶17}　Both boys testified at trial.　The older boy testified when he visited his grandparents, he sometimes slept in Appellant's bedroom.　When he slept in his grandfather's bed, his grandfather would take the boy's pants off and touch his penis and his butt.　He testified one day when his mom was taking a shower, he asked his younger brother if Pap Pap touched him, and his brother replied he did.　He then knew they had to tell their mom about the sexual abuse.

{¶18}　The younger boy testified his grandfather would reach inside his pants and touch his private parts, which he referred to as his pee-pee and butt.　He testified sometimes his older brother was in the room, but he could not see because the touching occurred under the covers.

{¶19}　The boys' aunt testified Appellant told her one time the older boy made him touch the boy's crotch.　Appellant also told her the boy would walk in when Appellant was in the bathroom, and Appellant implied there was sexual contact.

{¶20}　Carrie Schnirring, a psychological assistant at Northeast Ohio Behavioral Health, testified the older boy disclosed memories about sexual abuse on multiple occasions. He told Schnirring on one occasion, Appellant took off his clothes and digitally penetrated the boy's anus with his finger.　He said on that night he cried himself to sleep because he realized he really needed to tell someone, but he was afraid.　The younger boy related to her something happened in Appellant's bedroom which made him scared and sad.　He told Schnirring Appellant started by rubbing his back, then moved to putting his hands inside the boy's pants, touching his penis and butt.

{¶21} Donna Abbott, a nurse practitioner at Akron Children's Hospital, took a medical history from both boys and performed physical exams. The video of each child's medical history was played for the jury. The boys stated Appellant had fondled their penises and buttocks. Although neither boy showed physical signs of abuse, she testified this was not inconsistent with their history.

{¶22} Based on this testimony, we find the State presented sufficient testimony which, if believed by the jury, supported the jury's conclusion the touching occurred.

{¶23} We further find the verdicts finding Appellant engaged in sexual contact with the boys is not against the manifest weight of the evidence. The jury was in a better position than this court to judge the credibility of the witnesses. In addition to the boys' mother, aunt, and the medical professionals, the jury heard the testimony of both boys and viewed the videos of the boys' recounting the incidents at Akron Children's Hospital. While Appellant notes he was acquitted of the charge of rape, the jury may have considered the lack of physical findings and the older boy's failure to disclose anal penetration in each recounting of the sexual abuse. Although Appellant testified the touching did not happen as described by the boys and any touching was initiated by the older boy, he did not relay this explanation to law enforcement when initially questioned, nor did he discuss the behavior with his daughter and her husband when it allegedly occurred. Further, he did not discuss the inappropriateness of the alleged behavior with his grandson. We find the jury did not lose its way in finding the touching occurred.

{¶24} Appellant further argues the State failed to prove any touching was for purposes of sexual gratification.

**{¶25}** There is no requirement the State present direct testimony regarding sexual arousal or gratification. *State v. Astley*, 36 Ohio App.3d 247, 523 N.E.2d 322 (10th Dist. Franklin 1987); *State v. Cobb*, 81 Ohio App.3d 179, 610 N.E.2d 1009 (9th Dist. Lorain 1991); *In Re Anderson*, 116 Ohio App.3d 441, 688 N.E.2d 545 (Twelfth Dist. Clermont 1996); *State v. Brady*, 5th Dist. Stark No. 2000CA00223, 2001 WL 815574 (July 9, 2001). In the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer the defendant was motivated by desires for sexual arousal or gratification from the "type, nature and circumstances of the contact, along with the personality of the defendant." *Cobb, supra.*

**{¶26}** Both children testified they were touched by Appellant in his bed, with the lights off, under the covers. Each child felt angry and scared by the touching. Neither boy related the touching occurred under circumstances which would be normal for children of their ages. From the circumstances of the offenses, the jury could infer the touching occurred for purposes of sexual arousal or gratification.

**{¶27}** We find the judgment is not against the manifest weight or sufficiency of the evidence. The first assignment of error is overruled.

II.

**{¶28}** In his second assignment of error, Appellant argues the prosecutor committed misconduct in closing argument. Appellant argues the following statement made by the prosecutor in closing argument improperly shifted the burden of proof to the defense:

Was the touching done for the purpose of sexual gratification? You've heard no evidence to the contrary. What this means is that the law doesn't want to penalize someone for accidentally doing this. There was no accident; he purposefully did it. Or, too, for some lawful reason. Applying medication to a child, not illegal. But there's no evidence of that. The Defendant wasn't trying to help Cameron or put lotion on a body part or give him a bath. None - - there was no evidence that this was done for any reason other than the Defendant's sexual gratification.

**{¶29}** Tr. (III) 790-91.

**{¶30}** Appellant did not object to the argument, and therefore we must find plain error in order to reverse. The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Id. We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) Id. at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶31}** *State v. Thomas*, 152 Ohio St.3d 15, 92 N.E.3d 821, 2017–Ohio–8011, ¶¶ 32–34.

**{¶32}** The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments prejudicially affected the substantial rights of the accused. *State v. Lott,* 51 Ohio St.3d 160, 555 N.E.2d 293 (1990), *cert. denied*, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596

(1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived appellant of a fair trial based on the entire record. *Lott, supra*, 51 Ohio St.3d at 166, 555 N.E.2d 293.

{¶33} The prosecutor may comment on the failure of the defendant to present exculpatory evidence:

It is long-standing precedent that the state may comment upon a defendant's failure to offer evidence in support of its case. *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 193, 616 N.E.2d 909, 916; *State v. Williams* (1986), 23 Ohio St.3d 16, 20, 23 OBR 13, 17, 490 N.E.2d 906, 911; *State v. Petro* (1948), 148 Ohio St. 473, 498, 36 O.O. 152, 162, 76 N.E.2d 355, 367; and *State v. Champion* (1924), 109 Ohio St. 281, 289-290, 142 N.E. 141, 143-144. Such comments do not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain *528 silent. A prosecutor may jeopardize the integrity of a trial by commenting on a criminal defendant's decision not to testify. *State v. Thompson* (1987), 33 Ohio St.3d 1, 4, 514 N.E.2d 407, 411, citing *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, 32 O.O.2d 437. Nevertheless, the prosecutor is not precluded from challenging the weight of the evidence offered in support of an exculpatory theory presented

by the defense. See *State v. Watson* (1991), 61 Ohio St.3d 1, 9, 572 N.E.2d 97, 105-106. Neither must the state, in order to satisfy its own burden of proof, disprove every speculative set of possibly exculpatory circumstances a defendant can suggest, nor refrain from arguing the defendant's failure to provide evidence to support proffered theories of excuse or innocence.

{¶34} *State v. Collins*, 89 Ohio St.3d 524, 527-78, 2000-Ohio-231, 733 N.E.2d 1118.

{¶35} We disagree with Appellant the above-quoted statement by the prosecutor improperly shifted the burden of proof. As discussed in the first assignment of error, the State need not present direct testimony of sexual gratification or arousal; rather, the purpose of the sexual contact may be inferred from the type, nature, and circumstances of the contact. *Cobb, supra.* The prosecutor's comments were fair commentary on the inference the jury could draw from the contact, as there was no evidence in the record to suggest the touching occurred for a legitimate reason. Appellant presented a complete defense: the touching did not occur as testified to by the boys. He never argued the touching occurred for some reason other than sexual gratification. We find no plain error in the prosecutor's comment in closing argument.

{¶36} The second assignment of error is overruled.

III.

{¶37} In his third assignment of error, Appellant argues the trial court erred in denying his motion for mistrial based on an alleged discovery violation by the State.

**{¶38}** During trial, the mother of the boys testified the boys were in ongoing trauma based therapy. Appellant moved for mistrial based on the State's failure to disclose the medical records from the ongoing counseling sessions in discovery. The trial court overruled the motion. However, before the end of trial, the State secured the records for in camera review by the trial court. After reviewing the records, the trial court found, "The court's review of those records indicates that there is nothing even remotely exculpatory or helpful to Defense." Tr. (III) 764-765.

**{¶39}** A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened. *State v. Reynolds*, 49 Ohio App.3d 27, 33, 550 N.E.2d 490, 497 (1988). The granting of a mistrial is necessary only when a fair trial is no longer possible. *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1, 9 (1991). When reviewed by the appellate court, we should examine the climate and conduct of the entire trial, and reverse the trial court's decision as to whether to grant a mistrial only for a gross abuse of discretion. *State v. Draughn*, 76 Ohio App.3d 664, 671, 602 N.E.2d 790, 793– 794 (1992).

**{¶40}** Crim. R. 16(B) provides:

> (B) Discovery: Right to Copy or Photograph. Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or (J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a

defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

(1) Any written or recorded statement by the defendant or a co-defendant, including police summaries of such statements, and including grand jury testimony by either the defendant or co-defendant;

(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;

(3) Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;

(4) Subject to division (D)(4) and (E) of this rule, results of physical or mental examinations, experiments or scientific tests;

(5) Any evidence favorable to the defendant and material to guilt or punishment;

**{¶41}** Crim. R. 16(J) provides materials which are privileged or confidential are not subject to disclosure.

**{¶42}** The State argues the rule does not apply because the counseling records were not in the possession of the State. However, the rule provides for discovery of

materials "within the possession of, or reasonably available to the state."   We find the records were "reasonably available" to the State pursuant to Crim. R. 16(B).   The boys' mother testified she told the prosecutor they were continuing with counseling.   Tr. (II) 387. Further, the prosecutor was able to obtain the records during the course of a three-day jury trial.

{¶43} However, Crim. R. 16(J) provides a limitation on discovery of materials which are confidential.   In *State v. Brown*, 5th Dist. Delaware No. 2005CAA01002, 2005-Ohio-5639, we found no error in the trial court's failure to conduct an in camera inspection of confidential counseling records:

Under certain circumstances, a defendant is entitled to have confidential records reviewed *in camera* by the trial court. *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 58, 107 S.Ct. 989, 94 L.Ed.2d 40. In *Ritchie,* the United States Supreme Court dealt with the issue of a defendant's right to discover statements made by a minor victim to a children services agency. The *Ritchie* court held that the children services agency was obligated to turn the records over to the trial court for *in camera* review to determine the materiality of such records. *Id.* However, the *Ritchie* court also held that a defendant may not require the trial court to search through confidential records "without first establishing a basis for his claim that it contains material evidence." *Id.* at 58, fn. 15. The *Ritchie* court, quoting *United States v. Valenzuela-Bernal* (1982), 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193, held that a defendant "must at least make some

plausible showing of how their testimony would have been both material and favorable to his defense."

\*In *State v. Allan* (Feb. 2, 1996), 6th Dist. No. L-94-272, the Court noted that "[t]here exists little Ohio case law which discusses the initial showing a defendant must make before he is entitled to an *in camera* review of confidential records by the trial court. However, this issue has been decided in several other states. In *People v. Stanaway* (1994), 446 Mich. 643, 670-677, 521 N.W.2d 557, the Michigan Supreme Court provides a synopsis of the approaches taken by several different states in determining what a defendant must initially show in order to obtain an *in camera* review of confidential records. In general, these states have held there must be some showing that the records do, in fact, contain the alleged information and there must be some showing that the information is relevant to the defense. The *Stanaway* court concluded that a defendant would be entitled to such *in camera* inspection if he or she "has a good faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." *Id.* at 677, 521 N.W.2d 557. In *Washington v. Kalakosky* (1993), 121 Wash.2d 525, 550, 852 P.2d 1064, the Washington Supreme Court held that a defendant "must make a particularized showing that [confidential] records are likely to contain material relevant to the defense" prior to requiring the court to conduct an *in camera* inspection".

The Court in *Allan, supra,* held "that a defendant is entitled to the trial court's *in camera* inspection of children services agency records where the defendant shows that there is a reasonable probability, grounded on some demonstrable fact, that the records contain material relevant to the defense".

In the case at bar, appellant sought follow-up therapeutic counseling records of both Lauren and Kimberly. Notably, appellant did not request the trial court conduct an in camera inspection of the records.

The appellant has not cited any statute which requires these records to be disclosed. Accordingly, we agree with the court in *Allan,* supra, that before the appellant is entitled to have the trial court conduct an in camera inspection of the counseling records, he is required to demonstrate that there is a reasonable probability, grounded on some demonstrable fact, that the records contain material relevant to the defense. Appellant has failed in this burden. Accordingly, the trial court correctly refused appellant's request for a release of the counseling records. Further, the trial court was under no duty to conduct an in camera inspection of the records prior to overruling appellant's motion to compel.

{¶44}  *Id.* at ¶¶ 68-72.

{¶45}  In the instant case, during trial the prosecutor produced the records to the trial court, and the trial court conducted an in camera inspection.  As the counseling records were confidential, had Appellant known of the existence of the records prior to

trial and made a showing of a reasonable probability, grounded on a demonstrable fact, the records contained material relevant to the defense, he would only have been entitled to an in camera inspection of the records, which is what he received in the instant case. The trial court found the records did not contain anything exculpatory to the defense. The trial court made the counseling records a part of the record for appellate review. We have reviewed the counseling records and concur with the trial court's conclusion.

{¶46} The third assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.

Wise, P.J. and

Delaney, J. concur