[Cite as *In re D. M.*, 2021-Ohio-354.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF D.M., JR. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | Case No. 2019 CA 0076 |
| | : | |
| | : | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. A2019-0090 |
| JUDGMENT: | Affirmed in Part, Judgment Vacated, & Remanded |
| DATE OF JUDGMENT: | February 8, 2021 |


APPEARANCES:

For Plaintiff-Appellee

PAULA M. SAWYERS
20 South Second Street
Fourth Floor
Newark, OH 43055

Guardian ad Litem

RUTHELLEN Q. WEAVER
542 South Drexel Avenue
Columbus, OH 43209

For Defendant-Appellant

JERMAINE COLQUITT
33 West Main Street
Suite 109
Newark, OH 43055

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, D.M., Jr., appeals his July 25, 2019 conviction by the Court of Common Pleas of Licking County, Ohio, Juvenile Division.   Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 15, 2019, appellant, a juvenile, was charged with one count of sexual imposition in violation of R.C. 2907.06, a misdemeanor in the first degree. Said charge arose from an incident between appellant and his classmate, I.A., also a juvenile.

{¶ 3}   A bench trial commenced on May 30, 2019.  By judgment entry filed July 25, 2019, the trial court found appellant delinquent, and committed him to the Multi-County Juvenile Detention Center for ninety days.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT'S GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE (A) THE STATE PRESENTED INSUFFICIENT EVIDENCE THAT THE APPELLANT WAS "NOT THE SPOUSE" OF THE ALLEGED VICTIM, I.A., (B) THE STATE PRESENTED INSUFFICIENT EVIDENCE THAT D.M. ACTED FOR PURPOSES OF SEXUAL GRATIFICATION, THAT HE KNEW THE CONDUCT WAS OFFENSIVE TO I.A. OR WAS RECKLESS IN THAT REGARD (C) THE STATE PRESENTED INSUFFICIENT EVIDENCE OF A PRIOR CONVICTION OF SECTION 2907.02, 2907.03, 2907.04, 2907.05, OR FORMER SECTION 2907.12 OF THE OHIO

REVISED CODE; (D) THE WITNESSES THAT DID TESTIFY – INCLUDING THE ALLEGED VICTIM – SIGNIFICANTLY CHANGED THEIR TESTIMONY FROM THE DATE IN QUESTION SUCH THAT THE FACTFINDER CLEARLY LOST ITS WAY IN FINDING THEM TO BE CREDIBLE."

II

{¶ 6}   "THE COMPLAINT VIOLATES OH. JUV. R. 10(B) AND/OR JUV. R. 22(B) BECAUSE IT DOES NOT SET OUT A CRIME, CAN ONLY BE SAVED THROUGH AN IMPROPER AMENDMENT UNDER JUV. R. 22(B), AND AS A RESULT SHOULD BE DISMISSED."

III

{¶ 7}   "THE TRIAL COURT ILLEGALLY SENTENCED D.M. TO 145 DAYS OF INCARCERATION, OF WHICH D.M. HAS ALREADY SERVED 102 DAYS, FOR AN OFFENSE WHOSE MAXIMUM POSSIBLE PENALTY IS 90 DAYS OF INCARCERATION."

I

{¶ 8}   In his first assignment of error, appellant claims the finding of delinquency was against the sufficiency and manifest weight of the evidence.  We agree in part.

{¶ 9}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also, State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 11} Appellant was found delinquent for committing sexual imposition in violation of R.C. 2907.06(A)(1) which states the following:

No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶ 12} "Sexual contact" as defined in R.C. 2907.01(B) "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 13} Under this assignment, appellant argues four points: 1) there was insufficient evidence that he was not the spouse of I.A.; 2) there was insufficient evidence that he acted for purposes of sexual gratification, that he knew his conduct was offensive to I.A., or was reckless in that regard; 3) there was insufficient evidence of a prior delinquency adjudication under R.C. 2907.02 through 2907.06 and former R.C. 2907.12 to raise the offense to a misdemeanor of the first degree; and 4) the delinquency finding was against the manifest weight of the evidence because all the relevant witnesses changed their stories from the date of the incident.

## POINT 1

{¶ 14} Appellant's father testified appellant is a juvenile and appellant resides with him. T. at 10. Four juveniles testified they were all sophomores at the time of the incident and they were all in geometry class together. T. at 14-15, 29-30, 41-43, 60. I.A. testified to residing at an address different than appellant's. T. at 59. She stated she knew appellant "from school." T. at 60.

{¶ 15} We find sufficient circumstantial evidence, if believed, was presented to establish that I.A. was not the spouse of appellant. Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34, 289 N.E.2d 352 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44, 595 N.E.2d 915. It is to be given the same weight and deference as direct evidence. *Jenks, supra.*

## POINT 2

{¶ 16} In *State v. Stock,* 5th Dist. Stark No. 2017CA00199, 2018-Ohio-4805, ¶ 25, this court stated the following:

There is no requirement the State present direct testimony regarding sexual arousal or gratification. * * * In the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer the defendant was motivated by desires for sexual arousal or gratification from the "type, nature and circumstances of the contact, along with the personality of the defendant."

{¶ 17} I.A. testified while in geometry class, appellant "said how my nose was bigger than my boobs and that he wanted to titty fuck me."  T. at 63.  Appellant's comments made I.A. feel uncomfortable and she told appellant he was disrespectful.  *Id.*  Appellant told I.A. she was sitting "in a group of guys and I should expect it."  T. at 63-64.  I.A. placed her head down in her hands and appellant "walked over and through my arms he touched my boobs," her left breast.  *Id.*  She told appellant to not touch her and get his hands off her.  T. at 65.  She went to the teacher and walked out of class.  *Id.*  I.A. told the school resource officer, Newark Police Officer Michael Trotter, about the incident.  T. at 74.  Officer Trotter testified he interviewed appellant who denied touching I.A. in an inappropriate manner.  T. at 77-78.  Appellant told the officer "there was a joyful exchange between him and [I.A.], but that was it."  T. at 77.

{¶ 18} Three students in the class that day testified.  I.W. testified I.A. was "upset" because appellant was teasing her.  T. at 16-17.  I.W. heard appellant tell I.A. her nose was the same size as her breasts and I.A. started crying or "just upset."  T. at 17.  I.W. saw appellant get up and walk over to I.A. and touch her left breast.  T. at 18.  Appellant then said "out loud" to B.J., " 'Yeah, I did that.' "  *Id.*  When questioned by the assistant principal about the incident, I.W. denied seeing anything because he "just

wanted to stay out of it."  T. at 18-19.  The next day, I.W. told Officer Trotter "the truth."  T. at 19.

{¶ 19} T.N. testified they were all "playfully" making fun of each other.  T. at 31-32.  All he could remember was someone making fun of I.A.'s nose, but he could not remember who.  T. at 32.  He saw I.A. put her face in her hands and he heard crying, but he "couldn't really see it, like, long enough to know exactly."  T. at 33.  He admitted he heard crying.  *Id.*  He did not see appellant stand up or approach I.A.  T. at 37.  Appellant and I.A. were seated behind him.  T. at 39.

{¶ 20} B.J. testified and could not remember anything that was said and did not see anything happen.  T. at 46.  After reading his statement he had made to Officer Trotter, B.J. testified to appellant making a joke about I.A.'s nose being bigger than her boobs.  T. at 49.  When asked by the assistant principal about the incident, B.J. did not tell him anything the first time because he was scared, but then told Officer Trotter what happened.  T. at 50-51, 54.  B.J. did not see appellant touch I.A.  T. at 52.  Both appellant and I.A. were behind him.  T. at 56-57.

{¶ 21} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 22} I.A. testified appellant touched her breast.  I.W. corroborated this fact.  Before appellant touched her breast, he was teasing her and she displayed signs of discomfort, in fact, becoming upset and voicing her displeasure to appellant.  Again, I.W. corroborated this testimony.  T.N. observed appellant place her face in her hands

and heard crying. Evidence was presented for the trial court to find that sexual contact occurred and appellant was aware that the sexual contact would be offensive to I.A.

{¶ 23} We find sufficient evidence, if believed, to support the trial court's finding of delinquency.

POINT 3

{¶ 24} The sexual imposition statute, R.C. 2907.06, states the following in subsection (C):

Whoever violates this section is guilty of sexual imposition, a misdemeanor of the third degree. If the offender previously has been convicted of or pleaded guilty to a violation of this section or of section 2907.02, 2907.03, 2907.04, or 2907.05, or former section 2907.12 of the Revised Code, a violation of this section is a misdemeanor of the first degree.

{¶ 25} In *State v. Allen,* 29 Ohio St.3d 53, syllabus, 506 N.E.2d 199 (1987), the Supreme Court of Ohio held: "Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact."

{¶ 26} R.C. 2907.06(C) clearly elevates the degree of the offense of sexual imposition when a prior conviction is involved.

{¶ 27} In the complaint filed February 15, 2019, the offense was charged as a misdemeanor in the first degree; therefore, the state was required to show that

appellant had a prior delinquency adjudication for violating R.C. 2907.02 through 2907.06 and former section R.C. 2907.12.

{¶ 28} All parties agree appellant did not have any prior delinquency adjudications as required to raise the offense to a misdemeanor of the first degree. We find insufficient evidence to support the finding of delinquency for committing sexual imposition as a misdemeanor in the first degree.

{¶ 29} In *State v. Lambert,* 3d Dist. Putman No. 12-18-10, 2019-Ohio-3543, the defendant was found guilty by a jury of domestic violence as a felony in the fourth degree as opposed to a misdemeanor in the first degree because of a purported prior conviction. Following the verdict, the defendant filed a Crim.R. 29 motion, arguing insufficient evidence to prove the prior conviction. The trial court agreed, but found the evidence supported a first degree misdemeanor version of the offense and convicted him accordingly. On appeal, the defendant argued he was entitled to a complete acquittal because the state did not prove its case as charged. Our colleagues from the Third District found at ¶ 11:

Thus, the fact that the State did not properly establish that Lambert had a prior conviction does not mean that the State failed [to] prove that Lambert committed the crime of misdemeanor domestic violence, which, in this case, was implicitly charged in the indictment as a lesser included offense of the felony domestic violence. Rather, this means that the State failed to prove that Lambert should have been convicted of a fourth degree felony instead of a first degree misdemeanor for the commission of the crime of domestic violence. (Citations omitted.)

{¶ 30} The *Lambert* court, in concurring that the state failed to prove the element that elevated the degree of the offense, affirmed the trial court's procedure in entering a conviction for domestic violence as a lower degree, and did not agree with the defendant's argument that he should have received a complete acquittal. We liken the reasoning of *Lambert* to this case. *See also State v. Crenshaw,* 8th Dist. Cuyahoga No. 108830, 2020-Ohio-4922; *State v. McCoy,* 89 Ohio App.3d 479 (10th Dist.1993).

{¶ 31} We vacate the finding of delinquency as a misdemeanor in the first degree, and remand the matter to the trial court to enter a finding of delinquency as a misdemeanor in the third degree and to resentence appellant accordingly.

POINT 4

{¶ 32} Appellant argues the delinquency finding was against the manifest weight of the evidence because the witnesses changed their stories from the date of the incident.

{¶ 33} The witnesses in question were high school students and admitted that at first, when questioned by the assistant principal, they were scared or did not want to be involved or wanted to stay out of it. Upon further questioning by Officer Trotter, the witnesses were more forthcoming. The witnesses were subject to cross-examination and the trial court was able to determine their credibility.

{¶ 34} We find this argument lacks merit.

{¶ 35} Assignment of Error I is granted in part and denied in part.

II

{¶ 36} In his second assignment of error, appellant claims the complaint violated Juv.R. 10(B) and/or Juv.R. 22(B) because it did not set out a crime and can only be

saved by an improper amendment; therefore, the complaint should be dismissed.  We disagree.

{¶ 37} Juv.R. 10 states the following:

**(B) Complaint: General Form.** The complaint, which may be upon information and belief, shall satisfy all of the following requirements:

(1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated;

(2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;

(3) Be made under oath.

{¶ 38} The February 15, 2019 complaint meets all of these requirements.  The dispute centers on the offense being labeled as an "M1" when a prior delinquency adjudication was not alleged to elevate the offense from a misdemeanor in the third degree.  Listing the degree of the offense in the complaint is not a requirement under the rule.  Appellee concedes the error and argues the mistake is not fatal to the complaint.  We agree.

{¶ 39} As argued by appellant in his brief at 25, a complaint "must allow a reasonable, ordinary person to understand the charges against him or her."  The complaint sub judice was very clear in charging appellant with the offense of sexual imposition.  Appellant was aware of the allegations he had to defend.  The offense is the

same whether a prior delinquency adjudication is alleged or not. A prior delinquency adjudication is merely an additional element the state would have to prove in order to elevate the offense to a misdemeanor in the first degree. All parties agree a prior delinquency adjudication did not exist. We do not find any prejudice to appellant as a result of the erroneous M1 designation in the complaint.

{¶ 40} As argued by appellant in his brief at 25, "the complaint charges a crime that does not exist or, in the alternative, the State failed on an essential element of its case on the crime that it did charge." We concur with the alternative argument and addressed it above. Sufficient evidence was presented to find appellant delinquent on a misdemeanor of the third degree, but not the first degree. As stated above, the delinquency finding in vacated and remanded to the trial court to enter a finding of delinquency in the third degree and to resentence appellant accordingly.

{¶ 41} Assignment of Error II is denied.

III

{¶ 42} In his third assignment of error, appellant claims the trial court illegally sentenced him to too many days. Given the fact that the matter is remanded to the trial court for resentencing, we find this assignment to be premature.

{¶ 43} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, is hereby affirmed in part, the delinquency finding is vacated, and the matter is remanded to the trial court to enter a finding of delinquency as a misdemeanor in the third degree and to resentence appellant accordingly.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db